**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBINSON A. ROSARIO ESPINAL,** | : | |
| | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | **CIVIL NO. 26-2005** |
| | : | |
| **JAMAL L. JAMISON** *et al.,* | : | |
| | : | |
| *Respondents.* | : | |

**Scott, J.**                                                                                        **April 2, 2026**

## MEMORANDUM

Petitioner Robinson Antonio Rosario Espinal filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release.  ECF No. 1 [hereinafter Pet.] at 14.  Mr. Rosario alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), certain bond regulations, and his Due Process rights.  Pet. ¶¶ 52–62.

Mr. Espinal is a noncitizen from the Dominican Republic.  Pet. ¶ 17.  He entered the United States on or about April 20, 2023 without inspection and with the intent to seek asylum.  *Id.* ¶ 2.  Soon after,  he was detained and released by Customs and Border Patrol near San Luis, Arizona.  *Id.* ¶ 3.  He then applied for asylum his application remains pending.  *Id.*  During Mr. Espinal's ICE check-in on March 25, 2026, ICE detained him.  *Id.* ¶ 4.  Petitioner is currently detained at the Federal Detention Center in Philadelphia.  *Id.* ¶ 10.

Mr. Espinal is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for

1

a proceeding under section 1229a of this title." The central issue of this case is summarized in the Government's brief, namely "whether the petitioner is 'an applicant for admission' that is seeking admission within the meaning of § 1225(b)(2)(A)." ECF No. 5 at 4–5 [hereinafter Government's Resp.].

For the reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Mr. Espinal's detention violates the INA. 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also, e.g.*, *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); and *Museridze v. Jamison et al.*, 26-cv-0264 (E.D. Pa. Jan. 29, 2026).

This Court therefore grants Mr. Espinal's request for immediate release, given that his detention violates the INA. Moreover, ICE is enjoined from detaining Mr. Espinal under 8 U.S.C. § 1226(a) for seven days following his release.

2